## Whyte v. Jones-Gray Construction Company.

(Decided June 8, 1916.)

### Appeal from Estill Circuit Court.

Master and Servant—Safe Place to Work—Assumption of Risk.—Where the very work in which the employer and employe are

engaged is such as to render the place. unsafe, the safe place doctrine does not apply and the employe assumes the risks incident .thereto.

HUBBARD & HUBBARD, ROBERT R. FRIEND and H. M. LUKINS for appellant.

· BEVERLY R. JOUETT and CLARENCE MILLER for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellee, Jones-Gray Construction Company, was digging a cut under contract for the Louisville and Nashville Railroad Company in Estill county, and a Mr. Taylor was its superintendent· in charge of the work, while appellant was in charge of three men who, with himself, were engaged in preparing the walls of the cut by drilling, blasting and prizing down loose rock ahead of the steam shovel. Upon the morning of the accident, appellant and the men working under him, had been engaged in such work just immediately ahead of where the steam shovel was then employed.

About ten o'clock that morning Mr. Taylor came to where they were working and said to appellant according to his own testimony: ''Mr. Whyte, everything here is all right now; we do not have to do anything more here. Take your men over there and prepare the place; try to take a shot at noon there.''

The place to which Mr. Whyte was directed to take his men was about fifteen or twenty feet farther ahead of the steam shovel and on the same side of the cut that they had been working. After giving these directions Mr. Taylor left that particular place, and so far as the evidence shows, was not back there again until after·the accident.

After Whyte and his men had made this move and had been engaged at the new place in shoveling dirt off of a rock in a crevice in which they were preparing to set off a blast of dynamite, a large rock from about forty feet farther up the side of the cut, let loose, and rolled down upon Whyte, breaking his leg and seriously and painfully injuring him. This suit was filed by him against appellee and its superintendent, Mr. Taylor, to recover for the injuries thus sustained, the action being based upon the alleged negligence of appellee and Taylor in failing to provide appellant a reasonably safe

place in which to do his work, and in assuring him that said place was safe.

Appellee for defense traversed the material allegations of the petition and pleaded assumed risk and contributory negligence. At the conclusion of appellant's testimony a motion for a directed verdict by the appellee was sustained and the petition dismissed.

This cut where appellant was working was about thirty feet wide at the bottom, one hundred and fifty feet wide at the top and seventy-four feet deep. At the time of the accident he was working about twenty feet from the bottom of the cut, and the rock that struck him came from near the top. He testifies that it was the duty and the custom of Mr. Taylor to inspect the sides of the cut, and that just before he was ordered to work at the place where he was hurt, Mr. Taylor had been on top of the cut and inspected same; that it was no part of appellant's duty to make any inspection; that from the place where he was working pursuant to orders from Mr. Taylor he could not see the rock that fell upon him, and did not know the place where he was working was dangerous. It is contended for him that he was assured that the place was a safe place in which to work, but we have quoted above his exact language in which he recites what Mr. Taylor told him, and that is the only testimony of any assurance given him, and that very clearly does not give any assurance of safety in reference to the place where they were directed to work, but only states that the place at which they had been working was then safe and all right, so that the evidence fails to show any assurance of safety of the place where the accident occurred.

Appellant was in charge of the three men working with him and their superior, and while he and the men under him were subject to the orders of his superior, Taylor, in respect to what work they were to do and where they were to work, the evidence of appellant himself shows conclusively that the work they were doing at the time of the accident, was a work of preparation to render the place safe and in proper condition for the work thereafter to be done by the steam shovel, and that the work that appellant and his assistants were doing was constantly changing the condition as to the safety of the place where they were working. Appellant had had a great deal of experience in railroad construction

work in several different states and covering a period of at least fifteen years. For an hour before the accident happened, he, with the men under him, had been engaged in removing dirt from the top of a ledge of rock about twenty feet up the side of this cut, and, in the performance of this work he must have known that with the removal of each shovelful of dirt from the top of rock into which he was going to put the blast of dynamite, he was removing the support in a measure for the dirt and rock above him on the slope. He had been doing blasting on that side of the cut and within twenty feet of where he was then working on the day before, and he was at the time preparing for another blast.

The very work he was doing was of such a character as to render it impossible for the master to furnish him a safe place to work, because even if the place had been safe when he began there, his work constantly changed the condition of the place, and under such circumstances appellant must be presumed to have assumed the risk of just such an accident as happened. Boyd v. Crescent Coal Co., 141 Ky. 787; Williams Coal Co. v. Cooper, 138 Ky. 287 and Mineral Fuel Co. v. Johnson, 170 Ky. 79, in which many other cases of like import are cited.

Appellant insists, however, that his case is "on all fours" with the case of Evans Chemical Co. v. Ball, 159 Ky. 399, but in this he is mistaken, because that case is differentiated from such a case as this by the fact that the work there was not a work of preparation in order to make it safe for others to work there. The court therein, after stating that there was a class of cases holding that where the laborer creates the danger in the progress of the work, he must take care of himself, and another class where the danger is obvious the laborer assumes the risk, said:

"But the facts of this case do not bring it within the scope of the principle announced in these cases. The danger was not obvious, nor was it created by the work Ball was doing. The dangerous conditions were made by the explosion of the dynamite, and Ball, when injured, was only removing the dirt and ore that had been torn loose by the explosion."

Besides, in that case, Ball was not any kind of a boss, but was a mere laborer, working under the direction of just such a boss as the appellant was here.

After a careful consideration of all the evidence in this case, we are convinced that it shows conclusively the work appellant and those under him were doing at the time of the accident, created the danger in the progress of the work, and that appellant assumed the risk incident thereto.

Wherefore, the judgment is affirmed.